Mark R. Thierman (SBN 72913)
    laborlawyer@pacbell.net
THIERMAN LAW FIRM
7287 Lakeside Drive
Reno, Nevada 898511
Telephone:   (775) 284-1500
Facsimile:   (775) 703-5027
(Additional Counsel on Following Page)

Attorneys for Plaintiffs
MARCIA BLOEMENDAAL and DAVID NOTRICA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCIA BLOEMENDAAL and DAVID NOTRICA, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>MORGAN STANLEY SMITH BARNEY LLC, a Delaware limited liability company; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 5:10-CV-1455-SJO (PLAx)<br><br>**CLASS ACTION**<br><br>**PLAINTIFFS' FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT FOR VIOLATIONS OF THE CALIFORNIA LABOR AND BUSINESS & PROFESSIONS CODES**<br><br>**JURY TRIAL DEMANDED** |

## ADDITIONAL ATTORNEYS FOR PLAINTIFFS

Shaun Setareh (SBN 204514)
    setarehlaw@sbcglobal.net
Hayley Schwartzkopf (SBN 265131)
    hayley.setarehlaw@sbcglobal.net
LAW OFFICES OF SHAUN SETAREH
9454 Wilshire Boulevard, Penthouse Floor
Beverly Hills, California 90212
Telephone:   (310) 888-7771
Facsimile:   (310) 888-0109

David Spivak (SBN 179684)
    david@spivaklaw.com
THE SPIVAK LAW FIRM
9454 Wilshire Boulevard, Suite 303
Beverly Hills, California 90212
Telephone:   (310) 499-4730
Facsimile:   (310) 499-4739

Louis Benowitz (SBN 262300)
    louis@benowitzlaw.com
LAW OFFICES OF LOUIS BENOWITZ
9454 Wilshire Boulevard, Penthouse Floor
Beverly Hills, California 90212
Telephone:   (310) 888-7771
Facsimile:   (310) 888-0109

Plaintiffs Marcia Bloemendaal and David Notrica (collectively "Plaintiffs"), on behalf of themselves and all others similarly situated, complain and allege as follows:

## INTRODUCTION

1. This is a class and representative action for alleged violations of the Labor Code against defendants Morgan Stanley Smith Barney LLC and the Doe Defendants (collectively "Defendants"). As detailed below, Plaintiffs allege that Defendants have failed to pay commission wages to them and similarly situated employees and have also compelled or coerced them and similarly situated employees to purchase services for value. Accordingly, Plaintiffs now seek to recover unpaid wages and related relief from Defendants through this class and representative action.

## JURISDICTION AND VENUE

2. This case was initially filed in the Superior Court of California for the County of Riverside in accordance with state law jurisdiction and venue requirements on August 24, 2010 and was removed to this Court by Defendants under 28 U.S.C. §§ 1332, 1367, 1441, 1446, and 1453 on the grounds set forth in the Notice of Removal filed on September 23, 2010.

## PARTIES

3. Plaintiff Marcia Bloemendaal is an individual who was employed by Defendants as a "Financial Advisor" in the City of Palm Desert in Riverside County during the one year time period before the filing of this action.

4. Plaintiff David Notrica is an individual who was employed by Defendants as a "Financial Advisor" in the City of Palm Desert in Riverside County during the one year time period before the filing of this action.

5. Defendant Morgan Stanley Smith Barney LLC is a limited liability company organized under the laws of Delaware.

6. Plaintiffs are ignorant of the true names, capacities, relationships, and extent of participation in the conduct alleged herein, of the defendants sued as Does 1-10, inclusive, but are informed and believe that said defendants are legally responsible for the wrongful conduct alleged herein and thus sues these defendants by such fictitious names. Plaintiffs will amend

this complaint to allege the true names and capacities of Doe defendants when ascertained.

7. Plaintiffs are informed and believe that one or more of the defendants referred to herein have employed persons in California and violated the Labor and Business and Professions Codes as alleged herein during the applicable limitations periods.

8. Plaintiffs are informed and believes that each defendant acted in all respects pertinent to this action as the agent of the other defendants, carried out a joint scheme, business plan or policy in all pertinent respects, acted as joint employers of Plaintiffs and class members, and that the acts of each defendant are legally attributable to each of the other defendants.

## CLASS ALLEGATIONS

9. Plaintiffs have brought, and may maintain, this action as a class action on behalf of themselves and other similarly situated employees of Defendants pursuant to Rule 23 of the Federal Rules of Civil Procedure.

10. **Class Period**: The phrase "class period" refers to the time period beginning four years before the filing of this action and ending when final judgment is entered.

11. **Class Definitions**: The class and subclass members are defined as follows:

**Financial Advisor Class**: All persons formerly employed by Defendants in California as "Financial Advisors" and/or in other positions with the same or similar compensation arrangements who both had year-to-date production levels that were lower than their annual target production levels at the time of separation.

**Personal Account Class**: All persons employed by Defendants in California who, while employed by Defendants during the class period, maintained personal brokerage accounts with Defendants.

**Personal Account Former Employee Subclass**: All members of the **Personal Account Class** who separated from Defendants employment during the class period.

12. **Numerosity**: The class members are so numerous that the individual joinder of each individual class member is impractical. While Plaintiffs do not currently know the exact number of class members, Plaintiffs are informed and believe that the actual number of class members exceeds the minimum required for numerosity.

13. **Commonality**: Common questions of law and fact exist as to all class members. These questions include, but are not limited to:

    A. Whether Defendants have a policy or practice of using annual target production levels for **Financial Advisor Class** members to determine the rates at which their commissions will be paid on an ongoing basis during employment under a "Cash Grid"?

    B. Whether Defendants have a policy or practice of basing annual target production levels for **Financial Advisor Class** members for the current year on their production levels from the previous year under the "Cash Grid"?

    C. Whether Defendants have a policy or practice of retroactively treating moneys paid to **Financial Advisor Class** members under the "Cash Grid" as "advances" when separations of employment occur to the extent that their year-to-date production levels are less than their annual target production levels?

    D. Whether Defendants have a policy or practice of withholding moneys from the final wages of **Financial Advisor Class** members without their written consent to recover "advances" from them?

    E. Whether Defendants have a policy or practice of only paying final wages to **Financial Advisor Class** members to the extent that there are amounts owed under the "Cash Grid" that exceed the amounts of "advances" already paid?

    F. Whether Defendants have collected or received wages from **Financial Advisor Class** members in violation of Labor Code § 221?

    G. Whether Defendants have secretly paid **Financial Advisor Class** members lower wages than required by contract in violation of Labor Code § 223?

    H. Whether Defendants have obtained unlawful assignments of wages from **Financial Advisor Class** members in violation of Labor Code § 300?

    I. Whether Defendants have failed to provide accurate written wage statements to **Financial Advisor Class** and **Personal Account Class** members?

    J. Whether Defendants have required **Personal Account Class** members to maintain their brokerage accounts with Defendants and/or related entities as a matter of policy?

K. Whether **Personal Account Class** members have paid personal brokerage account-related fees to Defendants and/or affiliated entities?

L. Whether Defendants have failed to timely pay **Financial Advisor Class** and **Personal Account Former Employee Subclass** members all of their earned and unpaid wages following separations of employment in violation of Labor Code § 201 or § 202?

M. Whether Defendants are liable to **Financial Advisor Class** and **Personal Account Former Employee Subclass** members for relief under Labor Code § 203?

N. Whether **Financial Advisor Class, Personal Account Class**, and **Personal Account Former Employee Subclass** members are entitled to restitution of money or property that Defendants may have acquired from them through unfair competition?

14. **Typicality:** Plaintiffs' claims are typical of absent class members' claims based on their information and belief that their claims arise from uniform company policies and practices that violate California law as alleged herein.

15. **Adequacy of Class Representative:** Plaintiffs have no interests that are adverse to the interests of class members and will fairly and adequately represent their interests.

16. **Adequacy of Class Counsel:** Plaintiffs' counsel is experienced in employment and class action litigation generally, and wage and hour class action litigation specifically, and will fairly and adequately represent the interests of absent class members.

17. **Predominance:** The questions that are common to all class members predominate over any questions that are unique to individual class members because the answers to these questions will determine Defendants' liability to all class members and because any remaining individual questions with respect to amounts of relief may be resolved by reference to Defendants' payroll and other company records.

18. **Superiority:** A class action is vastly superior to other available means for the fair and efficient adjudication of class members' claims. Because this case involves large numbers of employees, most, if not all, of whom have relatively small individual claims, it would be beneficial to the parties and this Court to allow them simultaneously and efficiently prosecute their common claims in a single forum without the unnecessary duplication of effort

and expense that numerous individual actions would entail. Additionally, because the monetary amounts due to many individual class members are likely to be relatively small and would thus make it difficult, if not impossible, for individual class members to both seek and obtain relief. Moreover, a class action will serve an important public interest by permitting class members to effectively pursue the recovery of moneys owed to them. Further, a class action will prevent the potential for inconsistent or contradictory judgments inherent in individual litigation.

## FACTUAL ALLEGATIONS

19. Plaintiffs incorporate each and every paragraph above as if fully alleged herein.

### *Financial Advisor Class*

20. At all relevant times, Defendants have paid commissions to Plaintiffs and **Financial Advisor Class** members at rates determined through a "Cash Grid" system.

21. At all relevant times, Defendants have maintained a policy or practice of determining the rates at which Plaintiffs and **Financial Advisor Class** members have been paid commissions under the "Cash Grid" system through the use of target annual production levels that are based on class members' actual annual production levels from the previous year.

22. At all relevant times, Defendants have maintained a policy or practice of paying commissions to Plaintiffs and **Financial Advisor Class** members on a set day each month based on their transactions that settle through the Federal Reserve.

23. At all relevant times, once transactions performed by **Financial Advisor Class** members attain "current month" or "future month" settlement status, class members have not been required to complete any additional steps to perfect their rights to payments of commissions on those transactions.

24. At all relevant times, Defendants have maintained a policy or practice of treating any amounts paid to **Financial Advisor Class** members during employment as "advances" to the extent that their commission rates based on their actual year-to-date production levels exceed the rates at which they have been paid based on target annual production levels.

25. At all relevant times, Defendants have maintained a policy or practice of collecting all "advances" that have not been repaid from the final wages of Plaintiffs and

Financial Advisor Class members who separate from Defendants' employment.

26. At all relevant times, Defendants have maintained a policy or practice of treating year-to-date production levels as total annual production levels for **Financial Advisor Class** members when they have separated from Defendants' employment without prorating their year-to-date production levels to the portion of the year that they actually worked for purposes of determining whether they have been paid "advances."

27. At all relevant times, Defendants have failed to pay, and have retained for themselves, commissions earned by **Financial Advisor Class** members based on "current month" and "future month" settlements as a result of not prorating their year-to-date production levels when comparing those levels to their target annual production levels for purposes of determining whether "advances" have been paid.

28. Plaintiffs are informed and believe that, at all relevant times, Defendants have not obtained written consent from Plaintiffs and **Financial Advisor Class** members with respect to any of these above-alleged policies and practices.

*Personal Account Class & Personal Account Former Employee Subclass*

29. At all relevant times, Defendants have required Plaintiffs and **Personal Account Class** members to maintain fee and/or commission-based personal brokerage accounts with Defendants and/or affiliated companies and have collected fees from them as a result.

30. As a result of collecting fees from **Personal Account Class** and **Personal Account Former Employee Subclass** members, Defendants have reduced the amounts paid to them in wages by the amounts they have paid in fees.

///
///
///
///
///
///
///

## FIRST CLAIM FOR RELIEF

## UNLAWFUL WAGE ASSIGNMENTS

## (Lab. Code § 300)

## (By Plaintiffs and Financial Advisor Class)

31. Plaintiffs incorporate each and every paragraph above as if fully alleged herein.

32. In relevant part, Labor Code § 300 states:

(b) No assignment of wages, earned or to be earned, is valid unless all of the following conditions are satisfied:

(1) The assignment is contained in a separate written instrument, signed by the person by whom the wages or salary have been earned or are to be earned, and identifying specifically the transaction to which the assignment relates.

(2) Where the assignment is made by a married person, the written consent of the spouse of the person making the assignment is attached to the assignment. No such consent is required of any married person (A) after entry of a judgment decreeing a legal separation from such person's spouse or (B) if the married person and the spouse of the married person are living separate and apart after entry of an interlocutory judgment of dissolution of their marriage, if a written statement by the person making the assignment, setting forth such facts, is attached to or included in the assignment.

(3) Where the assignment is made by a minor, the written consent of a parent or guardian of the minor is attached to the assignment.

(4) Where the assignment is made by a person who is unmarried or who is an adult or who is both unmarried and an adult, a written statement by the person making the assignment, setting forth such facts, is attached to or included in the assignment.

(5) No other assignment exists in connection with the same transaction or series of transactions and a written statement by the person making the assignment to that effect is attached to or included in the assignment.

(6) A copy of the assignment and of the written statement provided for in paragraphs (2), (4), and (5), authenticated by a notary public, is filed with the employer, accompanied by an itemized statement of the amount then due to the assignee.

> (7) At the time the assignment is filed with the employer, no other assignment of wages of the employee is subject to payment and no earnings withholding order against the employee's wages or salary is in force.
>
> (c) Under any assignment of wages, a sum not to exceed 50 per centum of the assignor's wages or salary shall be withheld by, and be collectible from, the assignor's employer at the time of each payment of such wages or salary.
>
> . . .
>
> (e) An assignment of wages to be earned is revocable at any time by the maker thereof. Any power of attorney to assign or collect wages or salary is revocable at any time by the maker thereof. No revocation of such an assignment or power of attorney is effective as to the employer until the employer receives written notice of revocation from the maker.
>
> . . .
>
> (h) No assignment of wages is valid unless at the time of the making thereof, such wages or salary have been earned, except for necessities of life and then only to the person or persons furnishing such necessities of life directly and then only for the amount needed to furnish such necessities.

33. At all relevant times, Defendants have obtained assignments of wages from **Financial Advisor Class** members in violation of Labor Code § 300 by, among other things: withholding moneys from their final wages to recover "advances" upon separations of employment without obtaining their written consent and, if applicable, the consent of their spouses; withholding moneys in excess of 50% of their final wages payable to recover "advances'; and not allowing them to revoke any purported assignments of wages.

34. Pursuant to Labor Code §§ 218.6 and 300, Plaintiffs, on behalf of themselves and **Financial Advisor Class** members seek to recover unpaid wages that were unlawfully assigned to Defendants, and interest thereon, in amounts subject to proof.

35. Pursuant to Code of Civil Procedure § 1021.5, the substantial benefit doctrine and/or the common fund doctrine, Plaintiffs, on behalf of themselves and **Financial Advisor Class** members, seek reasonable costs of suit and attorneys' fees in amounts subject to proof.

## SECOND CLAIM FOR RELIEF

## UNLAWFUL WAGE DEDUCTIONS

(Lab. Code §§ 221 and 224)

(By Plaintiffs, Financial Advisor Class, and Personal Account Class)

36. Plaintiffs incorporate each and every paragraph above as if fully alleged herein.

37. Labor Code §§ 221 and 224 make it unlawful for an employer to collect or receive wages from an employee except where authorized by state or federal law.

38. At all relevant times, Defendants have collected or received wages from **Financial Advisor Class** members in violation of Labor Code §§ 221 and 224 by withholding moneys from the final wages of class members to recover "advances" upon separations of employment without the written consent of class members as described above.

39. At all relevant times, Defendants have collected or received wages from **Personal Account Class** members in violation of Labor Code §§ 221 and 224 by requiring them to maintain personal brokerage accounts with Defendants and/or related entities and charging them fees in connection with the required personal brokerage accounts.

40. Pursuant to Labor Code §§ 218.6 and 221, Plaintiffs, on behalf of themselves, **Financial Advisor Class**, and **Personal Account Class** members seek to recover unpaid wages and interest thereon in amounts subject to proof.

41. Pursuant to Code of Civil Procedure § 1021.5, the substantial benefit doctrine and/or the common fund doctrine, Plaintiffs, on behalf of themselves, **Financial Advisor Class**, and **Personal Account Class** members, seek reasonable costs of suit and attorneys' fees in amounts subject to proof.

///
///
///
///
///
///

## THIRD CLAIM FOR RELIEF

## SECRET PAYMENT OF LOWER WAGES

(Lab. Code § 223)

(By Plaintiffs, Financial Advisor Class, and Personal Account Class)

42. Plaintiffs incorporate each and every paragraph above as if fully alleged herein.

43. Labor Code § 223 makes it unlawful for an employer to secretly pay a lower wage rate than required by contract or statute while purporting to pay the designated wage rate.

44. At all relevant times, Defendants have violated the rights of Plaintiffs and **Financial Advisor Class** members under Labor Code § 223 by purporting to pay them commissions at the wage rates designated under the "Cash Grid" system while secretly paying them lower wage rates by not prorating their year-to-date production levels when comparing those levels to their target annual production levels for purposes of determining whether "advances" have been paid.

45. At all relevant times, Defendants have violated the rights of Plaintiffs and **Personal Account Class** members under Labor Code § 223 by purporting to pay them statutory or agreed-upon wage rates while secretly paying them lower wage rates by requiring them to maintain personal brokerage accounts with Defendants and charging them fees in connection with their use of these accounts that Defendants require them to maintain.

46. Pursuant to Labor Code §§ 218.6 and 221, Plaintiffs, on behalf of themselves, **Financial Advisor Class**, and **Personal Account Class** members seek to recover unpaid wages and interest thereon in amounts subject to proof.

47. Pursuant to Code of Civil Procedure § 1021.5, the substantial benefit doctrine and/or the common fund doctrine, Plaintiffs, on behalf of themselves, **Financial Advisor Class**, and **Personal Account Class** members, seek reasonable costs of suit and attorneys' fees in amounts subject to proof.

///

///

///

# FOURTH CLAIM FOR RELIEF

# FAILURE TO PROVIDE ACCURATE WRITTEN WAGE STATEMENTS

(Lab. Code § 226)

(By Plaintiffs, Financial Advisor Class, and Personal Account Class)

48. Plaintiffs incorporate each and every paragraph above as if fully alleged herein.

49. At all relevant times, pursuant to Labor Code § 226(a), Defendants have been obliged to provide Plaintiffs, **Financial Advisor Class**, and **Personal Account Class** members, either semimonthly or at the time of each payment of wages, accurate itemized statement showing, among other things, all applicable pay rates in effect during the pay period and amounts of gross and net wages earned.

50. At all relevant times, as a result of retroactively deeming moneys already paid to **Financial Advisor Class** members as "advances" without describing them as such on their written wage statements, Defendants have provided them with wage statements that fail to accurately reflect their applicable pay rates and amounts of earned net and gross wages.

51. At all relevant times, as a result of requiring **Personal Account Class** members to maintain fee and/or commission-based personal brokerage accounts, Defendants have provided them with written wage statements that fail to accurately reflect their applicable rates of pay and amounts of earned net and gross wages.

52. At all relevant times, Defendants' failures to provide them, **Financial Advisor Class**, and **Personal Account Class** members with accurate wage statements have been intentional, in that Defendants have had the ability to provide them with accurate wage statements but have intentionally provided them with inaccurate wage statements as a result of adopting policies and/or practices that violate the Labor Code as alleged herein.

53. Plaintiffs, **Financial Advisor Class**, and **Personal Account Class** members have suffered injuries as a result of Defendants' failures to provide them with accurate written wage statements in that their legal rights to receive accurate wage statements have been violated, they have been misled about their wage rates and amounts of gross and net wages. In addition, the absence of accurate information on their wage statements has prevented immediate

challenges to Defendants' allegedly unlawful pay practices, required discovery and mathematical computations to determine the amounts of wages owed, caused difficulty and expense in attempting to reconstruct payroll records, and/or have caused inaccurate information to be submitted to government agencies.

54. Pursuant to Labor Code § 226(e), Plaintiffs, on behalf of themselves, **Financial Advisor Class**, and **Personal Account Class** members, seek to recover the greater of actual damages or $50.00 for the initial pay period in which a § 226(a) violation occurred, the greater of actual damages or $100.00 for each § 226(a) violation in a subsequent pay period, and, in the aggregate, either the greater of actual damages or an aggregate penalty of up to $4,000.00 per class member, and awards of reasonable attorneys' fees and costs, in amounts subject to proof.

## FIFTH CLAIM FOR RELIEF
## FAILURE TO TIMELY PAY ALL FINAL WAGES
## (Lab. Code §§ 201-203)

**(By Plaintiffs, Financial Advisor Class, and Personal Account Former Employee Subclass)**

55. Plaintiffs incorporate each and every paragraph above as if fully alleged herein.

56. At all relevant times, Plaintiffs, **Financial Advisor Class**, and **Personal Account Former Employee Subclass** members have employees of Defendants protected under Labor Code § 201 or § 202.

57. Labor Code § 201 requires an employer to immediately pay all earned and unpaid wages an employee who is involuntarily discharged at or before the time of discharge.

58. Labor Code § 202 requires an employer to pay all earned and unpaid wages to an employee who quits after giving at least 72 hours notice at or before the time of quitting.

59. Labor Code § 202 requires an employer pay all earned and unpaid wages to an employee who quits without giving at least 72 hours notice within 72 hours of when the employee gives notice to the employer that he or she intends to quit.

60. Labor Code § 203 provides that the wages of an employee shall continue on a daily basis for up to 30 days where an employer willfully fails to timely pay any earned and unpaid wages to an employee in accordance with Labor Code § 201 or § 202.

61.  At all relevant times, Defendants have failed to timely pay all earned and unpaid wages to Plaintiffs and **Financial Advisor Class** members following separations of employment as a result of deducting "advances" without limitation from their final wages.

62.  At all relevant times, Defendants have failed to timely pay all earned and unpaid wages to **Personal Account Former Employee Subclass** members as a result of charging them fees in connection with the personal brokerage accounts that they are required to maintain as a condition of employment.

63.  Plaintiff is informed and believes that Defendants failures to timely pay them, **Financial Advisor Class**, and **Personal Account Former Employee Subclass** have been willful in that Defendants have, at all relevant times, had the ability to comply with the requirements of the Labor Code but have instead adopted and maintained policies and practices that fail to comply with those requirements.

64.  Pursuant to Labor Code §§ 203 and 218.6, Plaintiffs, on behalf of themselves, **Financial Advisor Class**, and **Personal Account Former Employee Subclass** members, seek to recover continuations of wages from when their earned and unpaid wages have first become until paid, up to a maximum of 30 days, and interest thereon, in amounts subject to proof.

65.  Pursuant to Code of Civil Procedure § 1021.5, the substantial benefit doctrine and/or the common fund doctrine, Plaintiffs, on behalf of themselves, **Financial Advisor Class**, and **Personal Account Former Employee Subclass** members, seek to recover reasonable costs of suit and attorneys' fees in amounts subject to proof.

### SIXTH CLAIM FOR RELIEF
### UNFAIR COMPETITION
(Bus. & Prof. Code §§ 17200, *et seq.*)

(By Plaintiffs, Financial Advisor Class, Personal Account Class,

and Personal Account Former Employee Subclass)

66.  Plaintiffs incorporate each and every paragraph above as if fully alleged herein.

67.  In addition to the unlawful business practices alleged above, Labor Code § 450 makes it unlawful for an employer to compel or coerce an employee to patronize the employer

or any other person for the purchase of anything of value.

68. At all relevant times, by requiring Plaintiffs and **Personal Account Class** members to maintain fee and/or commission-based personal brokerage accounts with Defendants and/or affiliated entities, Defendants have compelled and/or coerced them to purchase services of value in violation of Labor Code § 450.

69. Business and Professions Code §§ 17203-17204 authorize a person who has suffered an injury in fact and lost money or property as a result of unfair competition who meets the requirements of Code of Civil Procedure § 382 to maintain a class action for restitution on his or her own behalf and on behalf of others from whom the same defendants may have acquired money or property through unfair competition.

70. By violating the Labor Code as alleged herein, Defendants have engaged in unfair and unlawful conduct that amounts to and constitutes unfair competition as defined by Business and Professions Code §§ 17200, *et seq*. As a result, Defendants have unfairly gained a competitive advantage over other comparable companies doing business in California that comply with their legal obligations under the Labor Code.

71. Plaintiffs have suffered injuries in fact and lost money or property as a result of Defendants' unfair competition in that Defendants have wrongfully retained wages from them retaining unpaid commissions, personal brokerage account fees, and continuation wages from them, and concealing the amounts retained by providing them with inaccurate wage statements.

72. Plaintiffs are informed and believe that Defendants may have acquired money or property from **Financial Advisor Class, Personal Account Class, and Personal Account Former Employee Subclass** members through unfair competition as alleged above by retaining unpaid commissions, personal brokerage account fees, and/or continuation wages from them, and/or concealing the amounts retained by providing them with inaccurate wage statements.

73. Pursuant to Business and Professions Code § 17203, Plaintiffs, on behalf of themselves, **Financial Advisor Class, Personal Account Class, and Personal Account Former Employee Subclass** members, seek to recover all money or property that Defendants have, or may have acquired, from them through unfair competition as alleged herein.

74. Pursuant to Code of Civil Procedure § 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiffs, on behalf of themselves, **Financial Advisor Class, Personal Account Class, and Personal Account Former Employee Subclass** members, seek awards of reasonable costs of suit and attorneys' fees in amounts subject to proof.

### SEVENTH CLAIM FOR RELIEF
### CIVIL PENALTIES
(Lab. Code §§ 2698, *et seq.*)

75. Plaintiffs incorporate each and every paragraph above as if fully alleged herein.

76. During the applicable limitations period, Defendants have violated Labor Code §§ 201, 202, 203, 221, 223, 224, 226(a), and 450.

77. Labor Code §§ 2699(a) and (g) authorize aggrieved employees, on behalf of themselves, other current and former employees, and the general public, to bring a representative civil action to recover civil penalties pursuant to the procedures specified in Labor Code § 2699.3 that may, but need not, be brought or maintained as a class action pursuant to Code of Civil Procedure § 382.

78. Plaintiffs, as employees against whom Defendants committed one or more alleged Labor Code violations during the applicable limitations period, are aggrieved employees within the meaning of Labor Code § 2699(c).

79. Pursuant to Labor Code §§ 2699(a) and (f), Plaintiffs seek the following civil penalties for Defendants' violations of Labor Code §§ 201, 202, 203, 221, 223, 224, and 450:

    A. For violations of Labor Code §§ 201, 202, 203, 224, and 450, $100.00 for each employee per pay period for each initial violation and $200.00 for each employee per pay period for each subsequent violation (penalty amounts set by Labor Code § 2699(f)(2));

    B. For violations of Labor Code §§ 221 and 223, $100.00 for each employee for each initial violation that was neither willful nor intentional, $200.00 for each employee, plus 25% of the amount unlawfully withheld from each employee, for each initial violation that was willful or intentional,

and $200.00 for each employee, plus 25% of the amount unlawfully withheld from each employee, for each subsequent violation, regardless of whether the violation was willful or intentional (penalty amounts set by Labor Code § 225.5); and

C. For violations of Labor Code § 226(a), if this action is deemed to be an initial citation, $250.00 for each employee for each violation; alternatively, if an initial citation or its equivalent occurred before the filing of this action, $1000.00 for each employee for each violation (penalty amounts set by Labor Code § 226.3).

80. Plaintiffs have given written notice via certified mail to the Labor and Workforce Development Agency ("LWDA") and Defendants of the specific provisions of the Labor Code alleged to have been violated, including the facts and theories to support the alleged violations, and have not been informed by the LWDA that it intends to investigate the alleged violations.

81. Pursuant to Labor Code § 2699(g), Plaintiffs seek awards of reasonable costs and attorney's fees in connection with their claims for civil penalties.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated, pray for relief and judgment against Defendants as follows:

A. An order that the action be certified as a class action;
B. An order that Plaintiff be appointed class representative;
C. An order that counsel for Plaintiff be appointed class counsel;
D. Damages;
E. Restitution;
F. Declaratory relief;
G. Injunctive relief;
H. Civil penalties;
I. Statutory penalties;
J. Pre-judgment interest;

K. Costs of suit;

L. Reasonable attorney's fees; and

M. Such other relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiffs, on behalf of themselves and all others similarly situated, hereby demand a jury trial with respect to all issues so triable.

Dated: October 22, 2010

THIERMAN LAW FIRM
LAW OFFICES OF SHAUN SETAREH
THE SPIVAK LAW FIRM
LAW OFFICES OF LOUIS BENOWITZ

BY _____
MARK THIERMAN
Attorneys for Plaintiffs