1  Mark R. Thierman (State Bar No. 72913)
   laborlawyer@pacbell.net
2  Thierman Law Firm
   7287 Lakeside Drive
3  Reno, NV  89511
   Telephone:  775-284-1500
4  Facsimile:  775-703-5027
   (Additional counsel on following page)
5
   Attorneys for Plaintiffs
6  Marcia Bloemendaal and David Notrica

7  Lynne C. Hermle (State Bar No. 99779)
   lchermle@orrick.com
8  Jessica R. Perry (State Bar No. 209321)
   jperry@orrick.com
9  Orrick, Herrington & Sutcliffe LLP
   1000 Marsh Road
10 Menlo Park, CA  94025
   Telephone:  650-614-7400
11 Facsimile:  650-614-7401

12 Trish M. Higgins (State Bar No. 119215)
   thiggins@orrick.com
13 Sara E. Dionne (State Bar No. 221326)
   sdionne@orrick.com
14 Orrick, Herrington & Sutcliffe LLP
   400 Capitol Mall, Suite 3000
15 Sacramento, CA  95814-4497
   Telephone:  916-447-9200
16 Facsimile:  916-329-4900

17 Attorneys for Defendant
   Morgan Stanley Smith Barney LLC
18

19              UNITED STATES DISTRICT COURT

20              CENTRAL DISTRICT OF CALIFORNIA

21 | MARCIA BLOEMENDAAL and | Case No. 5:10-CV-1455-SJO (PLAx)
   | DAVID NOTRICA, on behalf of |
22 | themselves and all others similarly | **PROTECTIVE ORDER RE USE**
   | situated, | **OF PRIVATE AND**
23 | | **CONFIDENTIAL INFORMATION**
   |              Plaintiffs, |
24 | | CLASS ACTION
   |         v. |
25 | |
   | MORGAN STANLEY SMITH |
26 | BARNEY LLC, a Delaware limited |
   | liability company; and DOES 1-50, |
27 | inclusive, |
   | |
28 |              Defendants. |

1

## ADDITIONAL ATTORNEYS FOR PLAINTIFFS:

2

Shaun Setareh (State Bar No. 204514)
setarehlaw@sbcglobal.net
Hayley Schwartzkopf (State Bar No. 265131)
hayley.schwartzkopf@sbcglobal.net
Law Offices Of Shaun Setareh
9454 Wilshire Blvd., Penthouse Floor
Beverly Hills, CA  90212
Telephone:   310-888-7771
Facsimile:    310-888-0109

David Spivak (State Bar No. 179684)
david@spivaklaw.com
The Spivak Law Firm
9454 Wilshire Blvd., Suite 303
Beverly Hills, CA  90212
Telephone:   310-499-4730
Facsimile:    310-499-4739

Louis Benowitz (State Bar No. 262300)
louis@benowitzlaw.com
Law Offices Of Louis Benowitz
9454 Wilshire Blvd., Penthouse Floor
Beverly Hills, CA  90212
Telephone:   310-888-7771
Facsimile:    310-888-0109

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1     **Good Cause Statement**:  Plaintiff Marcia Bloemendaal, Plaintiff David

2     Notrica and Defendant Morgan Stanley Smith Barney LLC (collectively

3     "Stipulating Parties"), through their respective counsel of record acknowledge and

4     agree that the prosecution and defense of this action is likely to require the

5     exchange of Confidential Information (as that term is defined below) the public

6     disclosure of which would cause irreparable harm to the Stipulating Parties,

7     including but not limited to former and current employees' personnel data

8     (including information related to termination of employment); employee financial

9     information such as brokerage account statements, information concerning trading

10    activity and pricing information for individual brokerage accounts; compensation

11    information, and proprietary compensation plans.  The Stipulating Parties agree that

12    public disclosure of Confidential Information may violate former and current

13    employees' right of privacy by disclosing their private personnel and financial data.

14    In addition, public disclosure of Confidential Information may also cause financial

15    harm and injury to Morgan Stanley Smith Barney LLC's ability to compete in the

16    marketplace by disclosing trade secret, proprietary and commercial information that

17    is not otherwise available to the public.  Morgan Stanley Smith Barney LLC treats

18    its Confidential Information in a confidential manner and has policies in place to

19    limit the disclosure of this information.

20    As such, good cause appearing, the Court hereby approves and enters this

21    Protective Order relating to the use of private and confidential information,

22    stipulated, consented to and agreed by the Stipulating Parties, through their

23    respective counsel of record:

24    1.     That the preparation and trial of this action may require the discovery

25    or disclosure of documents, information or other material claimed by one or more

26    of the parties to this action or others to be confidential.

27    2.     In order to expedite the flow of discovery materials, facilitate the

28    prompt resolution of disputes over confidentiality, adequately protect material

entitled to be kept confidential, and serve the ends of justice, a protective order for such information is prudent and necessary.

3.      Any Stipulating Party may designate as "Confidential" any documents or other information that contains "Confidential Information," as that term is defined in Paragraph 4 below, that a Stipulating Party has kept secret or confidential, or information which, if disclosed, could place a Stipulating Party at a competitive disadvantage in the marketplace or cause disclosure of private information.  Documents, depositions, and interrogatory responses or other papers shall be designated confidential by stamping the word "Confidential" on each page of the document containing confidential information or by a Stipulating Party advising the other Stipulating Party in writing that such documents are deemed to be confidential.

4.      "Confidential Information" includes documents or other information relating to trade secrets, proprietary or other confidential commercial information that belongs to Morgan Stanley Smith Barney LLC ("MSSB"), including the following specific categories of documents:  (1) documents that reveal confidential employee information such as name, address, telephone number, salary, compensation, commission or asset information, trading activity, or demographic or other personal information; (2) documents that reveal financial or personal information regarding MSSB's clients; (3) and documents that reveal confidential financial or commercial information regarding Morgan Stanley's business that is not available to the public or Morgan Stanley's competitors.  "Confidential Information" also includes private and confidential documents or information relating to Marcia Bloemendaal, David Notrica or past and present employees of MSSB, including private personnel or financial information.  Execution of this protective order shall not waive any right otherwise available to the Stipulating Parties to object to the production of any such requested information on privacy,
/ / / /

1  attorney-client privilege, attorney work product, relevancy or other grounds when

2  the parties deem such an objection to be necessary or appropriate.

3       5.      Neither the provisions of this Stipulated Protective Order, nor any

4  designation or failure to designate any particular information, document or material

5  by a party as Confidential Information shall, in this litigation or any other litigation,

6  constitute a waiver of the rights of a party to assert confidentiality with respect to

7  any document, material or information meeting the definition of Confidential

8  Information in Paragraph 4 above.  Upon discovery of an inadvertent or otherwise

9  non-designation, the discovering party will immediately notify the opposing party

10  and the information, document or material identified will be treated as if it had been

11  originally designated as Confidential Information and will be subject to the terms of

12  this Stipulated Protective Order.

13       6.      All Confidential Information provided by the parties pursuant to

14  discovery or otherwise obtained in the course of this litigation shall be treated as

15  confidential and shall not be disseminated to any person not directly connected with

16  this specific litigation.  Specifically, all Confidential Information listed in

17  Paragraph 4 that is obtained through discovery or otherwise from the parties in this

18  case shall not be disclosed to anyone other than:

19           (a)     retained and corporate attorneys for any Stipulating Party who

20  are engaged in litigating this action and the employees of such attorneys;

21           (b)     persons not employees of any Stipulating Party who serve as

22  experts or consultants ("outside experts") to assist such Stipulating Party's counsel

23  in the prosecution or defense of this action, including, but not limited to

24  statisticians, economists, attorneys and other experts, and the employees of such

25  persons;

26           (c)     a Stipulating Party, or principals, officers, employees, agents or

27  representatives of any Stipulating Party whose assistance or consultation is required

28  by counsel in connection with the prosecution or defense of this action;

         (d)     potential witnesses in connection with this litigation;

         (e)     the Court and mediators, and the personnel of any of the foregoing.

7.    No person shall make any disclosure of Confidential Information to any person falling within categories (b) or (d) in Paragraph 6 without first obtaining from any such person a signed statement in the form attached hereto as Exhibit "A." Either party may request of the other, a copy (if any) of said signed statement(s) to counsel.  Subject to applicable privileges, the other party must promptly comply with such a request by providing copies of the signed statement(s) by telecopier or other appropriate means, and in no event beyond five (5) business days of such a request.  If a party objects to the disclosure of information to a particular person, the Stipulating Party objecting to such disclosure shall have five days to both hold a pre-filing conference as provided in Local Rule 37-1 and submit to the opposing party a joint stipulation for a protective order from the Court barring such disclosure and no such disclosure shall be made until further order of the Court.

8.    No disclosure of Confidential Information shall be made except in accordance with this Stipulation and Protective Order, and no use shall be made of any Confidential Information except in accordance with this Stipulation and Protective Order.

9.    This order shall in no way impair the right of any party to raise or assert a defense or objection, including but not limited to defenses or objections to the production of documents or information and to the use, relevancy or admissibility at the trial of this litigation of any evidence, whether or not comprised of documents or information governed by this order.

10.    All attempts to use any Confidential Material in connection with any pleading, motion or as evidence shall be governed by the procedures set forth in Local Civil Rule 79-5.  If any Stipulating Party intends to file or lodge with the Court for any purpose any portion of any document, answer to interrogatory or

1   request for admission, or deposition transcript identified as containing information

2   that has been designated as Confidential Information by another Stipulating Party,

3   or any pleading, motion, brief, or declaration containing or disclosing information

4   that has been designated as Confidential Information by another Stipulating Party, it

5   will first provide the Designating Party no less than five court days' notice of such

6   intent.  This notice will clearly identify, by Bates-stamp number or other detailed

7   description, the specific documents that are to be filed/lodged with the Court.  This

8   minimum five-day notice period will enable the Designating Party an opportunity

9   to serve on the Stipulating Party that intends to file or lodge the Confidential

10   Information a written application and proposed order requesting that the pleading,

11   motion or evidence (or portion thereof) containing Confidential Information be

12   filed under seal, pursuant to Local Rule 79-5.1.  The application must show good

13   cause for filing under seal.  The Stipulating Party that lodges or files potentially

14   affected documents shall then present to the judge to whom the affected papers are

15   directed, along with the potentially affected documents, the Designating Party's

16   application and proposed order, pursuant to Local Rule 79-5.1.  The Stipulating

17   Party that lodges or files potentially affected documents with the Court also will file

18   or lodge them in an envelope or container marked "CONDITIONALLY UNDER

19   SEAL" pending the Court's ruling on the Designating Party's application.  The

20   Court's refusal to order certain documents sealed does not impact or abrogate any

21   party's designation of those documents as Confidential Information.

22       11.    Nothing in this order shall preclude any party from using Confidential

23   Information at the trial of this litigation; provided, however, that prior to using such

24   material the party offering it advises the Court and all other parties so that steps can

25   be taken to ensure the preservation of the confidential nature of the information to

26   be used, if deemed necessary and appropriate by the Court.

27       12.    Should any Stipulating Party object to the Confidential treatment of

28   any information designated Confidential under the terms hereof, such Stipulating

1    Party shall, after meeting and conferring in good faith with the designating party as

2    required by Local Rule 37-1, move the Court consistent with the requirements of

3    Local Rule 37-1 for an order releasing the material from the designation as

4    Confidential.

5         13.    Nothing contained herein shall restrict in any way the rights of any

6    Stipulating Party producing Confidential Information to release that information or

7    otherwise make it non-Confidential.

8         14.    All Confidential Information, including but not limited to documents

9    produced by Plaintiffs or MSSB that relate to MSSB's trade secrets, proprietary or

10   other confidential information, that belongs to MSSB shall remain the property of

11   MSSB, together with all copies thereof, and shall be returned to counsel for MSSB

12   at the conclusion of the litigation.  Notes, summaries and other documents protected

13   by the work product doctrine shall remain subject to this Stipulation and Protective

14   Order.

15        15.    This Stipulation and Protective Order shall not limit the right of any

16   party to apply for further protective orders as modifications or extensions of this

17   order, and shall not restrict the use by any party of its own information.

18        16.    Once protections in this Stipulation and Protective Order have attached

19   to a document, statement or item of information hereafter communicated, such

20   protections shall not be reduced or waived by further communicating, restating,

21   summarizing, discussing or referring to any such documents, statements or

22   information.

23        IT IS SO ORDERED:

24

25   Dated:        December 14, 2010

26                                              The Honorable Paul L. Abrams
                                                United States Magistrate Judge

27

28

**EXHIBIT A**

<u>CERTIFICATION</u>

I _____, hereby state and declare that I have read and understand the attached Protective Order re Private and Confidential Information (the "Protective Order") in the matter of *Marcia Bloemendaal v. Morgan Stanley Smith Barney, LLC*, United States District Court, Central District of California Case No. CV10-1455 SJO (PLAx), and hereby agree to fully comply with the terms and conditions thereof.  This Protective Order is enforceable by the United States District Court, Central District of California.

Executed this ___ day of _____ 2010, at _____.


_____
(Signature)

[PROPOSED] PROTECTIVE ORDER RE USE OF
PRIVATE AND CONFIDENTIAL INFORMATION